# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TONY PIPPIN,

              Petitioner,    :    Case No. 1:19-cv-051

    - vs -                        District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility

                                              :
              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Tony Pippin, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 9), and the Return of Writ (ECF No. 10). Although Magistrate Judge Bowman gave Petitioner an extension of time until August 14, 2019, to file a reply, he has not done so.

The Magistrate Judge reference of this case was transferred to the undersigned to help balance the Magistrate Judge workload in this District (Transfer Order, ECF No. 18).

**Litigation History**

Pippin was indicted by a Hamilton County, Ohio, grand jury on January 28, 2013, on one count of Aggravated Burglary in violation of Ohio Revised Code § 2911.11(A)(1), two counts of

Attempt (RAPE) in violation of Ohio Revised Code § 2923.02(A), two counts of Aggravated Robbery in violation of Ohio Revised Code § 2911.02(A)(1, 3), two counts of Robbery in violation of Ohio Revised Code § 2911.02(A)(2)), one count of Felonious Assault in violation of Ohio Revised Code § 2903.11(A)(1), four counts of Rape in violation of Ohio Revised Code § 2907.02(A), two counts of Sexual Battery in violation of Ohio Revised Code § 2907.03(A)(2), two counts of Unlawful Sexual Contact with Minor in violation of Ohio Revised Code § 2907.04(A), four counts of Pandering Sexual Oriented Matter Involving a Minor in violation of Ohio Revised Code § 2907.322(A)(1), and one count of Receiving Stolen Property in violation of Ohio Revised Code § 2913.51(A) (Indictment, State Court Record, ECF No. 9, Ex. 1, PageID 55-64).

After his motion to suppress was denied, Pippin pleaded no contest to Counts 11 through 20, reserving his right to appeal pre-trial decisions, including the denial of the motion to suppress. The trial judge then imposed an aggregate sentence of twenty-four years on Counts 11, 14, 17, 18, 19, and 20 (Judgment Entry, State Court Record, ECF No. 9, Ex. 23, PageID 293-96). The First District Court of Appeals remanded for completion of a final appealable order. Pippin appealed again and the First District affirmed. *State v. Pippin,* Nos. C-160380, C-160381, 2017-Ohio-6970 (Ohio App. 1st Dist. Jul. 26, 2017), appellate jurisdiction declined, 152 Ohio St. 3d 1408, 2018-Ohio-723.

Counts 1-10 and 21 had remained pending. Pursuant to a plea agreement, Pippin pleaded guilty to one count of sexual battery and the remaining counts were dismissed (State Court Record, ECF No. 9, Exs. 43-44, PageID 466-70). The trial judge then sentenced him to sixty months' imprisonment and he did not appeal.

On January 19, 2019, Pippin filed his Petition for Writ of Habeas Corpus in this Court, pleading the following Grounds for Relief:

> **Ground One**: Violation 4th Amendment, illegal search and seizure conducted pursuant to a search warrant that was unsigned by a judge, then signed after the search.
>
> **Supporting Facts:** On 12-18-12 unlawfully searched Mr. Pippin's cellphone. Detective Adam Cox took the warrant application to Judge Metz (who signed the affidavit). However "did not" sign the warrant. At same time criminalist Radigan had already begun downloading cellphone's content (a forensic download), also looking through phone's contents, obtaining unique identifying information from inside phone's past screen saver "into photo gallery," accessing files, disassembling it, downloading again.
>
> **Ground Two**: [Failure to Merge Allied Offenses]
>
> **Supporting Facts:** On sentencing on 12-23-2014 Judge Patrick Foley imposed 8 years for rape, 8 years for rape, (4) counts of pandering sexual material involving a minor. He ran all charges consecutive to each other even though all charges were of the same incident. It was one continual act. The rape photos were all of the same act, within seconds apart or minutes. Should have been merged as allied offenses. The indictment, Bill of Particulars all allege the same identical act and should be allied offences and merged under one sentence.
>
> **Ground Three:** False or misleading information in search warrant, affidavits in what constituted in probable cause necessary for the issuance of warrant.
>
> **Supporting Facts**: Officers Adam Cox & Officer Joe Macaluso gave false & misleading statements to Judge citing that (1) Mr. Pippins vehicle is seen leaving the BP gas station to continuing following victims vehicle. Vehicle was never seen pulling out following victim, in fact vehicle disappeared on video, (2) stated "victim stated" the assailant who raped Michelle Heis was using a cell phone. Victim never stated that. Failed to grant a *Franks* Hearing when it was shown there were false and misleading statements to obtain a warrant.

> **Ground Four: Probable cause.** A search warrant which authorizes the police to search all files within a cell phone with no indication what the police are searching fails to satisfy particular requirements.
>
> **Supporting Facts:** On 12-18-12 police searched Pippin's cell phone using a warrant that fails to identify with particularity what police were looking for. There were no restrictions whatsoever on what files in the phone that may be searched or what data may be searched or what data may be seized. Police just seized (2) cell phones unspecific – cellphones & proceeded to search without a scope or warrant to look as they pleased. Go through any and all files.

(Petition, ECF No. 1, PageID 6-11).

## Analysis

**Grounds One, Three, and Four: Asserted Violations of the Fourth Amendment**

In Grounds One, Three, and Four, Pippin asserts various violations of the Fourth Amendment: search without a warrant (Ground One), warrant based on a false affidavit (Ground Three), and search pursuant to a warrant lacking in required particularity (Ground Four).

Respondent asserts federal habeas review of these Grounds for Relief is precluded by *Stone v. Powell,* 428 U.S. 465 (1976) (Return, ECF No. 10, PageID 540). The Supreme Court in *Stone* held federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. 428 U.S. at 493-94.

*Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also

decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R.Crim.P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R.App.P. 3(A) and Ohio R.App.P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526, citing *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977).

As Respondent points out, Pippin had a full opportunity to present his Fourth Amendment claims in both the trial and appellate courts. He received full attention to those claims in both courts. Therefore, federal habeas review of Grounds One, Three, and Four is precluded by *Stone* and those Grounds should be dismissed.

**Ground Two: Allied Offense of Similar Import**

Pippin complains that he received separate convictions and sentences for two counts of rape and four counts of pandering sexual material involving a minor. On appeal to the First District Court of Appeals he raised this issue as his Third Assignment of Error (Appellant's Brief, State

5

Court Record, ECF No. 9, Ex. 31, PageID 317.)  He began his argument on this Assignment by citing the Double Jeopardy Clause of the Fifth Amendment and citing *Benton v. Maryland*, 395 U.S. 784, 794 (1969), and *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  *Id.* at PageID 336-37.  He then claims the Double Jeopardy Clause was "codified" in Ohio Revised Code § 2941.25, Ohio's allied offenses of similar import statute, and continues his argument in terms of Ohio case law interpreting the statute, relying particularly on *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995, paragraph one of the syllabus, and *State v. Williams*, 134 Ohio St. 3d 482,2012-Ohio-5699, ¶ 28. *Id.* at PageID 337.

Respondent asserts Ground Two is not cognizable in habeas corpus because it raises only a question of Ohio law (Return, ECF No. 10, PageID 542-47).  The Magistrate Judge disagrees. Pippin expressly argued that his multiple convictions violated the Double Jeopardy Clause because they violated Ohio Revised Code § 2941.25 which, he argued, "codifies" the Double Jeopardy Clause.

The First District decided Pippin's Third Assignment of Error as follows:

> **Merger**
>
> {¶ 46} In his third assignment of error, Pippin argues that the trial court erred by failing to merge allied offenses of similar import.  He contends that the court should have merged the two rape offenses into a single rape offense and the four pandering offenses into a single pandering offense.
>
> {¶ 47} Under R.C. 2941.25(B), a defendant may be convicted of multiple offenses arising from the same conduct if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

> {¶ 48} The defendant bears the burden of demonstrating that he is entitled to merger at sentencing pursuant to R.C. 2941.25. *State v. Washington,* 137 Ohio St. 3d 427, 2013-Ohio-4982, ¶ 18, 999 N.E.2d 661, citing *State v. Mughni,* 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). We review the trial court's merger determination de novo. See *State v. Williams,* 134 Ohio St. 3d 482, 2012-Ohio-5699, ¶ 28, 983 N.E.2d 1245.
>
> {¶ 49} With respect to the rape offenses, Pippin argues that both counts of rape relate to the "same act, same day, same location, and same victim." However, the record demonstrates that, although both rape counts involved the same type of sexual activity—fellatio—and were committed within a short time of each other, there were two separate and distinct acts of penetration, separated by significant intervening acts. See *State v. Jones,* 78 Ohio St.3d 12, 14, 1997 Ohio 38, 676 N.E.2d 80 (1997). The first act of rape occurred while the girl was apparently semi-conscious. That act was followed by a withdrawal from the girl's mouth, the girl's apparent loss of consciousness, and then the defendant's forceful penetration of the unconscious girl's mouth.
>
> {¶ 50} Next, Pippin asserts that the four counts of pandering related to four video files found on his phone that recorded the same course of conduct. However, multiple convictions are allowed for each individual video file because a separate animus exists every time a separate image or file is created and saved. See *State v. Stone,* 1st Dist. Hamilton No. C-040323, 2005-Ohio-5206, ¶ 9; *State v. Hendricks*, 8th Dist. Cuyahoga No. 92213, 2009-Ohio-5556, ¶ 35; *State v. Eal,* 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373, ¶ 93; *State v. Starcher*, 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, ¶ 35; *State v. Lucicosky,* 7th Dist. Mahoning No. 16 MA 0112, 2017-Ohio-2960, ¶ 23.
>
> {¶ 51} Therefore, the two counts of rape and the four counts of pandering were committed separately for purposes of R.C. 2941.25, and the trial court did not err by failing to merge them for sentencing. We overrule the third assignment of error.

*Pippin*, 2017-Ohio-6970.

While the First District did not expressly rely on federal precedent, it made factual determinations which are critical to applying the Double Jeopardy Clause, to wit, that these

offenses were committed separately from one another. Because Pippin made a Double Jeopardy claim on the face of his appellate brief, the First District's decision is to be regarded as having decided that question on the merits. *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011). When a federal claim is fairly presented but not addressed, "a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> I[t] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown*, 432 U.S. at 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton*. 395 U.S. at 794. The decision about whether two offenses are the same offense or separate offenses for Double Jeopardy purposes will depend upon findings of fact. A federal court must defer to those findings of fact unless they constitute an unreasonable determination of the facts in light of the evidence presented. Here, the First District determined the two acts of rape were separate because there were two acts of oral penetration separated in time and also by the condition of the victim. *Pippin*, 2017-Ohio-6970 at ¶ 49. Respecting the pandering charges, the appellate court determined that the images were created separately, i.e., requiring a separate act on the part of the person doing the video recording. *Id.* at ¶ 50.

An Ohio Court of Appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d

8

632, 705 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."

*Jackson*, 745 F.3d at 211 (6th Cir. 2014) (alteration in original), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). Ohio Rev. Code § 2941.25, and not the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), determines whether a person has been punished twice for the same offense under Ohio law in violation of the federal Double Jeopardy Clause. *Jackson v. Smith*, 745 F.3d at 213[t].

Because the First District reasonably determined that separate acts underlie each of these six convictions, the trial court did not violate Pippin's Double Jeopardy rights by imposing separate sentences. The Second Ground for Relief should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.